[Crim. No. 3205.   First Dist., Div. Two.   Apr. 19, 1956.]

THE PEOPLE, Respondent, v. HAROLD F. McCLAIN, Appellant.

Benjamin F. Marlowe for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, J. Frank Coakley, District Attorney (Alameda), Francis W. Vukota and Zook Sutton, Deputy District Attorneys, for Respondent.

NOURSE, P. J.—The defendant was tried to a jury on an information framed on four separate counts—two charging grand theft, and two charging the issuance of fictitious checks. The jury found him guilty on the first count, and not guilty on the other three. His motion for a new trial was denied, and he was admitted to probation with directions to restore the embezzled money.

There is no material dispute in the evidence.   The verdict rests largely on the admission and confession of the defendant. The only ground urged for a reversal is a claim of error in the instructions to the jury.

The defendant was local manager of a branch store of the Owl Drug Company. He was permitted to take from company funds $1,000 a day which he was required to distribute to the several cash registers for the purpose of making change for the customers. Prior to the trial he gave a statement in writing to this effect:

"My name is Harold Frank McClain and I live at 701 Walker Ave., Oakland, California. About 4 weeks ago I started preparing *fictitious* checks and estimate at this writing that the total amount to between Seven Hundred and Fifty and Eight Hundred Dollars. I fully realize this was wrong and making this statement of my own free will, with no threat or promise having been made to me."

This statement was supplemented by the defendant's testimony that he had taken the moneys from the working fund for his own personal use. He expressed the intention to return the money to the owner.

Under these facts appellant is left to his attack upon the instruction advising the jury that defendant's custom of withdrawing company funds for his own use with the intention of eventually restoring them did not make his acts noncriminal. Whatever error or uncertainty there may be in this instruction was fully cured by the instruction reading:

"The intent essential to embezzlement is the intent to fraudulently appropriate the property to a use and purpose other than that for which it was entrusted, in other words, the intent to deprive the owner of his property, but, the other element of the offense being committed, the crime is committed, even though it was intended to deprive the owner of his property only temporarily and to eventually return it."

The statutory law is found in sections 512 and 513 of the Penal Code. Section 512 reads:

"The fact that the accused intended to restore the property embezzled, is no ground of defense or mitigation of punishment, if it has not been restored before an information has been laid before a magistrate, or an indictment found by a grand jury, charging the commission of the offense."

The rule of decision fully following the statute is found in *People* v. *Talbot,* 220 Cal. 3, 16 [28 P.2d 1057]; *People* v. *Colton,* 92 Cal.App.2d 704, 710 [207 P.2d 890].

Judgment affirmed.

DOOLING, J.—I concur. However, because I believe that the opinion of the presiding justice does not touch the real question presented by the appellant, I feel obliged to elaborate

the reasons for my concurrence. The embezzlement statute requires the *fraudulent intent* to appropriate the money or property of another with which the defendant is entrusted. (Pen. Code, § 506.) The appellant herein attempted to prove that he lacked such fraudulent intent by his evidence that it was a recognized custom in the business for the manager to pay to employees including himself money from the revolving fund as an advance against salary earned but not yet payable. He complains of the following instruction, that it took from the jury this question of the necessary fraudulent intent:

"The fact, if it be a fact, that the defendant in this case had been accustomed to drawing and using the funds of the corporation for his personal needs, having such withdrawals charged to his personal account, and eventually paying the money back by credits due him or by payments made by him, does not relieve the acts from the stain of criminality; and even if all of the Directors of the Corporation knew of such custom, the wrong was not made right, as each was charged with a trust to use the funds of the corporation for its needs."

The instructions, however, must be read as a whole and the jury was properly instructed:

"The intent essential to embezzlement is the intent to fraudulently appropriate the property to a use and purpose other than that for which it was entrusted, in other words, the intent to deprive the owner of his property, but, the other element of the offense being committed, the crime is committed, even though it was intended to deprive the owner of his property only temporarily and to eventually return it.

"Before you can find the defendant guilty of the crime of embezzlement, you must find from the evidence, beyond a reasonable doubt, that the defendant had such fraudulent intent."

In view of this express and clear instruction the jury could not have understood from the instruction complained of that they could find the defendant guilty if he lacked the required fraudulent intent.

KAUFMAN, J.—I concur for the reasons expressed by Mr. Justice Dooling.